Opinion by
Montgomery, J.,
In this action of mandamus the executor of the estate of Frank Reiter seeks to recover $4,918.63, being the balance remaining in his account in the Firemen’s Pension Fund of the City of Sharon at the time of his decease, December 10, 1966. The pension fund involved was held invalid in Taylor v. Abernathy, 422 Pa. 629, *110 222 A. 2d 863 (1966), and a new valid pension plan ordered to be set up in that case by our Supreme Court.
Reiter was employed by the City of Sharon under the old pension plan from 1927 to 1958, when he retired. Under the old plan an employe’s individual account was segregated upon retirement and he received an agreed sum per month, not less than $50 and no more than half of his salary. When the individual fund was exhausted the fireman received no more retirement allowance. If he died before the account was exhausted the balance was paid to his widow, minor children, or his estate. In this case he contributed $7,024.46 and was paid $13,552.50 after retirement, leaving a balance of $4,918.63, the amount here sued for. The Taylor case, supra, involved, among others, a Mrs. King, the widow of a fireman, and the estate of a policewoman, Mrs. Miller, in both of which the pensioner died before the new plan became effective. The Supreme Court held that although no contractual rights were created under the old pension plan, the estate of Miller and the widow of King were entitled to the money segregated in their accounts “in order to return the parties to a reasonable approximation of where they might have been had the city not adopted an invalid pension plan . . .”
The court below held that the Miller and King cases, in Taylor v. Abernathy, supra, did not control and entered judgment for the defendant.
In general the Supreme Court in Taylor v. Abernathy, supra, exercised its equitable powers and allowed recovery where the retirees had died while the old pension plan was in effect, and before the new plan came into being, stating at page 642 as to the Miller case, “We are unwilling to permit the city to thwart her justifiable expectations [of retirement benefits and death benefits to her family] after she has passed away.” In granting relief to parties who had retired *111 and died while the old pension plan was in effect, the Supreme Court indicated that living members would be transferred to and come under the new plan. For instance, the Supreme Court observed in Taylor v. Abernathy, supra, at page 645: “In the situation involving living members of the Sharon Police Department [and the Fire Department would be in the same category], regardless of whether they have retired, qualified for retirement under the invalid plan, or not yet met the conditions for retirement imposed thereunder, the expectations created under the invalid pension plan can be protected in a manner more consistent with the interests of all involved. The city has been ordered to adopt a valid pension plan in compliance with the enabling act. Thus, the living members of the police department, including those who have already retired, will be included within the new flan and entitled to the benefits provided thereunder.” (Emphasis supplied) This language, taken in context, clearly is intended to cover only those members who are living at the time the new plan is adopted. The court below considered this interpretation of the Taylor case when it stated: “In so doing, it may well have assumed that there would be no substantial delay in complying with this order and that in the meantime no further deaths would occur.” Reiter would have been included in the new plan had he lived until it was adopted. Here, however, Reiter died before the new plan became effective, and he is in exactly the same position as regards the unpaid balance of segregated funds under the old plan as were Miller and King in the Taylor case, supra. In our opinion the death of the employe before the new act became effective is the important and decisive factor. Both logically and under the Supreme Court’s opinion in Taylor v. Abernathy, supra, this should be the law. . As shown by the present record, there would be relatively few deaths occurring in the *112 period between the time the old plan was invalidated and tbe new plan became effective. All living members of the old plan, retired or not retired, would be transferred to the new and valid plan. Thus practically all the funds under the old plan would be available for use under the new plan.
The present appeal is therefore controlled by the Supreme Court’s decision in Taylor v. Abernathy, supra, especially that involving Mrs. Miller, the policewoman, whose estate was awarded the balance remaining in the fund allocated to her account. Any other result would be highly inequitable.
Judgment reversed with directions to enter judgment for the plaintiff.
Hoffman, J., concurs in the result.